IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **PATRICIA BROWN, ROBERTA MANGINI AND SUSAN ALEXIN AUDISHO,** on behalf of themselves, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiffs <br><br> v. <br><br> **ATLAS STAFFING, INC., AND ANNA JARNEBRO, INDIVIDUALLY** <br><br> Defendants | **No.** 18 cv <br><br> **District Judge** <br><br> Magistrate Judge <br><br> ***JURY DEMAND*** |

## COMPLAINT

NOW COME Plaintiffs, **PATRICIA BROWN, ROBERTA MANGINI AND SUSAN ALEXIN AUDISHO,** on behalf of themselves and all other Plaintiffs similarly situated, by and through their attorney, JOHN W. BILLHORN, and for their Complaint against Defendants, **ATLAS STAFFING, INC., AND ANNA JARNEBRO, INDIVIDUALLY,** states as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.* and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and are residents of this district and Defendants are or was engaged in business in this district.

## III. THE PARTIES

3. Defendant, **ATLAS STAFFING, INC.,** provides temporary and permanent staffing services for industry. Defendant, **ATLAS STAFFING, INC.,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendant **ANNA JARNEBRO, INDIVIDUALLY,** is the owner and/or engaged in active management of **ATLAS STAFFING, INC.,** and was involved in significant aspects of the corporation's day-to-day operations including the compensation policies and practices of employees and, at all times relevant hereto, was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs. Therefore, as defined under both the federal and state statutes relied upon, Defendant **ANNA JARNEBRO, INDIVIDUALLY,** is an "employer".

5. Plaintiff, **PATRICIA** (hereinafter referred to as Plaintiff **BROWN**"), is a former employee who performed clerical and other customer service responsibilities under the direction of Defendants' management and who was compensated as a salary-exempt employee and denied overtime compensation for hours worked in excess of 40 in a workweek. All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants and were improperly classified as salary

2

exempt and denied overtime for work in excess of 40 hours in a work week. As an employee performing duties for an enterprise engaged in commerce, the named Plaintiff(s) and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

6. Plaintiff, ROBERTA MANGINI (hereinafter referred to as Plaintiff MANGINI), is a current employee with responsibilities for payroll, unemployment and workers' compensation tasks under the title of "HR Manager". Plaintiff MANGINI at all times pertinent worked under the immediate direction of Defendants' management and is compensated as a salary exempt employee and denied overtime compensation for hours worked in excess of 40 in a workweek. All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants and were improperly classified as salary exempt and denied overtime for work in excess of 40 hours in a work week. As an employee performing duties for an enterprise engaged in commerce, the named Plaintiff(s) and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

7. Plaintiff, SUSAN ALEXIN AUDISHO (hereinafter referred to as Plaintiff AUDISHO)"), is a former employee who performed data entry work in payroll for Defendants and was compensated as a salary exempt employee and denied overtime compensation for hours worked in excess of 40 in a workweek from September 2013 thru approximately November 2016. All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants and were improperly classified as salary

exempt and denied overtime for work in excess of 40 hours in a work week. As an employee performing duties for an enterprise engaged in commerce, the named Plaintiff(s) and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

8. The claims brought herein by the all three named Plaintiffs are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein – namely the misclassification as "salary-exempt". Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

9. The total amount of hours worked by Plaintiffs and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information that is substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516.

IV. STATUTORY VIOLATIONS

### Collective Action Under The Fair Labor Standards Act

10. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

11. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

V.  **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

12. Plaintiffs, at all times pertinent to the cause of action, are/were employed by Defendants, said employment being integral and indispensable to Defendants' business.

13. During Plaintiffs' employment, Defendants paid Plaintiffs on an exempt salary compensation plan. The job duties of Plaintiffs, and other members of the Plaintiff class who were similarly classified, did not and do not qualify under any of the salary exemptions established by the FLSA.

14. Plaintiffs, and members of the Plaintiff class, worked in excess of forty (40) hours in a workweek without pay for all hours worked over forty (40) at a rate of time and one-half their regular hourly rate of pay, pursuant to the requirements of the federal and state statutes herein relied upon.

15. Defendants have, both in the past and presently, willfully employed members of the Plaintiff Class, including the named Plaintiffs, requiring work to be performed during their lunch break without pay for that time, and after their scheduled work day in order to complete necessary deadlines given by management.

16. Defendants, in November of 2016, changed some but not all salary exempt employees to non-exempt hourly employees and began instructing those hourly employees to no longer work more than eight hours per day or 40 hours per week.

5

17. In some instances, the unpaid time worked by Plaintiffs and members of the plaintiff class should have been compensated at time and one-half the employees' regular hourly rates because if the unpaid time was properly treated as compensable, the employees would have worked over 40 hours in particular workweeks. In other instances, the unpaid time should have compensated at the workers' regular hourly rates.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-17. Paragraphs 1 through 17 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 17 of this Count I.

18. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

19. Defendants have during certain times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiffs herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)  awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)  awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)  awarding Plaintiffs' reasonable attorney's fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-19 Paragraphs 1 through 19 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 19 of Count II.

20. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

21. Pursuant to the Fair Labor Standards Act, Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiffs' reasonable attorney's fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-21. Paragraphs 1 through 21 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 21 of Count III.

22. In denying the named Plaintiffs and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

23. The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiffs' reasonable attorney's fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-23. Paragraphs 1 through 23 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 23 of this Count IV.

24. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

25. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

26. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiffs' reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 02/19/2018*

/s/ John W. Billhorn
_____
John William Billhorn


BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 840
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiffs, and all other Plaintiffs similarly situated, known or unknown.